```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

RICHARD WILLIAM SKYERS,

                Plaintiff,              12 Civ. 3432

     -against-                             OPINION

UNITED STATES OF AMERICA, FEDERAL
BUREAU OF PRISONS, FORMER WARDEN OF
F.C.I. OTISVILLE J.M. KILLIAN, DR.
SOMMERS, and P.A. AUMICK,

                Defendants.

---------------------------------------X
```

A P P E A R A N C E S:

    <u>Pro Se</u>

    RICHARD WILLIAM SKYERS
    Reg. No. 21052-077
    Federal Correctional Institution, Otisville
    P.O. Box 1000
    Otisville, NY 10963

    <u>For the United States</u>

    PREET BHARARA
    United States Attorney, Southern District of New York
    1 Saint Andrew's Plaza
    New York, NY 10007
    By:  Rebecca S. Tinio, Esq.

[USDC SDNY DOCUMENT ELECTRONICALLY FILED  DOC #: ___  DATE FILED: 9/25/15]

**Sweet, D.J.,**

Plaintiff Richard William Skyers ("Skyers" or the "Plaintiff"), proceeding pro se, has moved the Court to allow him to refile a complaint against the United States under the Federal Tort Claims Act, stemming from allegedly inadequate treatment of a hand injury sustained in January, 2010. For the reasons listed below, the motion is granted in part and denied in part.

**Prior Proceedings**

Skyers filed his original Complaint on April 30, 2012, seeking damages pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671, et seq. (See generally Dkt. No. 2.) On November 16, 2012, the United States moved to dismiss the Complaint on behalf of all defendants. (Dkt Nos. 16 & 17.) The motion was granted by an Opinion dated July 2, 2013. Skyers v. U.S., No. 12 Civ. 3432, 2013 WL 3340292 (July 2, 2013). The Opinion held that Skyers had failed to exhaust his administrative remedies against all defendants other than Dr. Diane Sommer, as required by the FTCA and the Prisoner Litigation Reform Act, thus barring any

claims against the other individual defendants.  See id. at *8-9, 13.  In addition, it was held that the Bivens claims were barred by sovereign immunity and due to a failure to adequately establish that the defendants were personally involved in the violation of a clearly established constitutional right.  See id. at *7-10.  The FTCA claims were rejected on the merits, since the Complaint did not adequately state a cause of action for negligence based on Dr. Sommer's conduct.  See id. at *13-14.  The Complaint was dismissed, but Skyers was granted sixty days to replead.  Id. at *14.

Skyers requested (Dkt. No. 32) and received (Dkt. No. 33) a sixty-day extension of time to replead, thus setting his filing deadline for October 30, 2013.  On September 9, 2013, he filed a "Motion Seeking to Refile Complaint Under the Civil Rights Act, 42 U.S.C. § 1982, Upon Exhaustion of Administrative Remedies," which was received by the Court but never docketed.  The United States filed an opposition brief on September 25, 2013, which was also not docketed.

On October 1, 2013, during a period where gridlock in Congress had resulted in a shutdown of funding to the Justice Department, the Honorable Loretta A. Preska, Chief Judge, stayed all civil cases in which the United States Attorney's Office for the Southern District of New York was representing the United States, including this one, until such time as the President

signed a law restoring funding to the Justice Department. (Dkt. No. 35.) The Order stated that it would expire upon the enactment of a new budget, and Congress and the President did ultimately restore funding. As of September 1, 2014, Skyers was still under the belief that the case had been stayed. (See Letter, Dkt. No. 38.)

Skyers filed an additional motion to refile after exhaustion of administrative remedies on November 7, 2013, which was more-or-less identical to the one he had filed two months earlier. By an Opinion dated March 25, 2014, Skyers' motions were denied, but for reasons unknown to the Court the Opinion was never filed.[1] On September 8, 2014, Skyers sent a letter to the Court inquiring whether the stay on his case had been lifted. (Dkt. No. 38.)

Skyers spent much of 2014 attempting to exhaust his administrative remedies against defendants other than Sommer. (See Motion to Refile, Dkt. No. 39, Ex. D.) After months of correspondence with several arms of the Federal Bureau of Prisons (the "BOP"), his claims were ultimately rejected pursuant to 28 U.S.C. § 2401(b), which states that "A tort claim against the United States shall be forever barred unless it is

---

[1] Adding to the confusion, a different Order had been erroneously filed in this case less than a week before, and was later withdrawn. (See Dkt. Entry dated Mar. 21, 2014 ("Deleted document number 36 ORDER. The document was incorrectly filed in this case.").)

presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." (See Motion to Refile, Ex. D.)

On February 23, 2015, Skyers filed the instant motion, seeking to file a new complaint for money damages under the FTCA based on the actions of defendants Diane Sommer and Dennis Aumick. (Dkt. No. 39.) The motion was heard on July 3, 2015. (See Dkt. No. 41.)

**Applicable Standard**

The Court takes the instant motion as one in which Skyers seeks an extension of time to replead pursuant to Federal Rule of Civil Procedure 6(b)(1). Because Skyers' 120-day window for repleading has long since passed, leave to replead should only be granted "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). This determination is "at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Svcs. Co. v. Brunswick Associates L.P., 507 U.S. 380, 396 (1993); accord Beckles v. City of New York, No. 08 Civ. 3687,

2010 WL 1841714, at *3 (S.D.N.Y. May 10, 2010). In making that determination, the Supreme Court has directed courts to consider the following factors: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was in the reasonable control of the movant, and 4) whether the movant acted in good faith. Beckles, 2010 WL 1841714, at *3 (citing Pioneer, 507 U.S. at 396). The Second Circuit has held that the third factor – the reason for the delay, and whether it is within the reasonable control of the movant – is the most important, since the other three factors will often favor the movant. Id. (citing Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003)).

**The Motion to Refile is Granted in Part and Denied in Part**

Having considered the circumstances of the case, any neglect on Skyers' part is excusable, and therefore leave to refile is granted. An analysis of the Pioneer factors supports the conclusion that the extraordinary circumstances present in this case warrant such relief. If the motion is granted, the United States will not be placed in a significantly worse situation than it would have been had Skyers refiled in the Fall of 2013. There are no other judicial proceedings that would be

impacted by the delay. Skyers has shown no lack of diligence or good faith, filing two motions to revive the case and sending a letter to the Court inquiring as to its status, all while pursuing the case administratively with the Bureau of Prisons. As to the most important factor, the reason for the delay and whether it was in the movant's control, see Silivanch, 333 F.3d at 366, it would be inequitable to bar Skyers' claim because of a delay that resulted from errors within the District Court.

Although the Court grants Skyers leave to refile, it denies the portion of his motion that seeks to refile claims based on the actions of Defendant Dennis Aumick. As the Court explained in its July 2, 2013 Opinion, the administrative proceedings that Skyers exhausted prior to filing his original Complaint were strictly limited to the circumstances surrounding his treatment by Dr. Sommer; Aumick was not mentioned in any of his filings with the BOP, leading the court to conclude that "Plaintiff knew of and could have pursued . . . remedies against . . . Aumick, but chose not to do so." Skyers, 2013 WL 3340292, at *8-9. Although Skyers appears to have raised and exhausted his remedies concerning Aumick's conduct during 2014, while this case remained in limbo, those proceedings do not change the analysis because his alleged injuries occurred in January 2010 (Dkt. No. 2 at 2), and 28 U.S.C. § 2401(b) bars all tort claims against the United States that are not presented to the

appropriate federal agency within two years of accrual.  Since Skyers did not initiate this case until April 30, 2012 (Dkt. No. 2 at 1), any window he had to take administrative action regarding Aumick's conduct had closed months before this action ever arrived in federal court.  Skyers' opportunity to refile is therefore limited to the claims were not procedurally barred in his first Complaint, namely the FTCA claims against the United States stemming from the actions of Dr. Sommer.  See Skyers, 2013 WL 3340292 at *12-14.

**Conclusion**

The Plaintiff's motion to refile his Complaint is granted in part and denied in part, as described above.  Accordingly, the Court grants leave to replead within sixty days.

It is so ordered.

New York, NY
September 25, 2015

_____
ROBERT W. SWEET
U.S.D.J.